TYLER R. BLAKE

*v.*

MARY J. GARWOOD et al.

A mortgagor is not entitled to an interpleader, on a charge that an attorney of the mortgagee demands the money due on the mortgage, and that the mortgagee was imbecile or insane when she executed such power of attorney, and that the mortgagee's daughter forbids complainant to pay it to the attorney on account of such mental incapacity, the mortgagee herself not having been made a party to the interpleader.

*Mr. R. S. Clymer,* for complainant.

*Mr. B. D. Shreve,* for defendant Garwood.

*Mr. M. B. Taylor,* for defendant Cox.

BIRD, V. C.

This bill is styled an interpleader. It is filed by a mortgagor. He admits the execution of the mortgage, and that there is a certain amount due. He says that Mrs. Ross, the owner of the mortgage, is incapacitated, from age or other causes, to take the money due; that Cox claims to be her agent by virtue of a power of attorney, and as such entitled to the money, and claims the money of him; that Garwood is a daughter of Mrs. Ross, and forbids him to pay said money to Cox because Mrs. Ross was of unsound mind when she executed said power of attorney; and prays that said Cox and Garwood may interplead and settle their rights, and that he may pay the money due into court, and be dismissed with his costs, and for subpœna against Cox and Garwood only.

Mrs. Ross is not made a party. The case must rest here until she is brought in. Her insanity is no excuse. Her insanity or imbecility makes it all the more necessary for the court to have her in court. The method of bringing the unfortunate into court is well known.

Perhaps, under the circumstances of the case, I will be justi-
fied in saying that I cannot see why Cox or Garwood is brought
into court. The bill proceeds on the ground that Mrs. Ross is
insane or mentally incapacitated to contract, and that Cox was
once her agent, and claims to still be. Supposing him to have
been an agent, and supposing Mrs. Ross to be incapable to con-
tract, then clearly, on the best of reason and highest authority,
that agency was revoked, or inoperative when she became in-
capacitated, to all who had notice of the fact. *Mathiessen* v.
*McMahon, 9 Vr. 536 ; Hill* v. *Day, 7 Stew. Eq. 150.*

Therefore Cox is an utter stranger to the complainant, and,
from the complainant's own showing, has not the slightest claim
against him.

If I am correct in these views, and in my understanding of
the law, there is no foundation for the bill to interplead.

If the defendants ask for it, I shall advise a decree dismissing
the bill. And I will refuse to advise any decree in favor of the
complainant until Mrs. Ross is before the court. I do not mean
to be understood as saying that this bill can be so fashioned as
to stand.