EUGENE STEVENSON, EDMUND B. LEAMING, VIVIAN M. LEWIS, JOHN H. BACKES, JOHN GRIFFIN, JOHN E. FOSTER, MALCOLM G. BUCHANAN, JAMES F. FIELDER, ALONZO CHURCH, ROBERT H. INGERSOLL AND JOHN BENTLEY, VICE-CHANCELLORS.

---

BOROUGH OF VINELAND

*v.*

ARMAND G. MARETTI.

[Decided May 6th, 1922.]

1. The court will not grant leave to plead disfavored defences after time for answering has expired, nor grant leave to amend answers already filed so as to raise such defences.

2. A motion to strike out a bill of complaint on the ground that it discloses no cause of action is substituted by rule 67 for a demurrer under the former practice; and like a demurrer admits every allegation in the bill which is well pleaded.

3. When a defendant is charged with fraud it is the peculiar jurisdiction of chancery to compel him to disclose the facts alleged as a fraud and all the attending circumstances, so that the court can determine whether or not a fraud has been perpetrated; and when the suit is for the recovery of property tortiously taken by defendant the bill lies because of the fraud involved, especially where defendant occupies a fiduciary position.

4. While equity will not compel a discovery in aid of a criminal prosecution, or of a penal action, or of a suit in its nature partaking of such character, the rule does not apply when the bill is for an accounting for moneys alleged to have been misappropriated by defendant while acting as the agent of complainant, for in such a case the discovery sought is in aid of a purely civil suit.

5. Where a person occupying a fiduciary position converts and embezzles money belonging to his employer he will be held to account in equity, notwithstanding his liability to prosecution for crime; but he cannot be compelled to discover any facts tending to criminate himself; yet this does not prevent the trial of the cause under the rules of evidence in civil actions, one of which is that a witness is not bound to answer any question which would, or would tend to, criminate him; the privilege, however, must be claimed by the witness himself, whether he be a party to the cause or not, and neither the court nor counsel can object for him.

6. While it may be that in cases of crime, in which the facts are known to the injured party, a civil suit founded thereon may not be brought on for trial before the injured party sets the criminal law in motion to redress the public wrong, and that proceeding has been terminated; yet, where the injured party is without direct and positive evidence, but only reasonable and probable cause to believe that fraud has been committed to his injury, he may proceed in chancery for discovery of facts which would establish the fraud, and the defendant will be amply protected by refusal to answer any interrogatory which would, or would tend to, criminate him.

7. Facts stated in a pleading which are not material to a decision of the issue are impertinent, and, if reproachful, are scandalous.

8. Averments in an answer that the allegations in the bill are wholly false and fabricated by political enemies of defendant; that accountants employed to examine his books as borough clerk were partisans of the dominant political faction of the borough commissioners, and who failed to discover false charges, &c., to the dismay and discomfort of the adherents of those commissioners; that the bill is not filed in good faith, but for the purpose of maintaining a colorable prosecution pending which campaign utterances by the dominant political faction may be apparently sustained, &c., are scandalous, and will be struck out.

9. It is settled that when a suitor is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial; and where a corporation sues the motives of its officers in bringing the suit cannot be imputed to it, especially as their motives would not operate to defeat the suit if it were theirs individually.

10. A bill for discovery alone cannot be sustained where it prays for answer without oath, but where a bill for relief prays for incidental discovery, the complainant is entitled to discovery without oath as prayed.

11. When a defendant submits to answer he must answer fully; and if he does not the complainant may have an order that he answer further.

On motion to strike out bill of complaint.

*Mr. Louis H. Miller,* for the motion.

*Mr. Thomas G. Tuso* and *Mr. John W. Wescott, contra.*

WALKER, CHANCELLOR.

The bill is one for discovery and accounting. The defendant moves to strike it out for sundry reasons, among them, that there is no municipal corporation bearing the name "The Board of Commissioners of the Borough of Vineland." The motion to strike is coupled with an answer to be used as a defensive pleading in case the motion is denied. Counsel for defendant says in his brief that defendant, answering under a misapprehension, admitted that the complainant, by the above name, is a municipal corporation, but prays leave to amend his answer in that behalf so that he may insist upon his motion. This leave will be denied upon the principle that the court will not grant leave to plead disfavored defences after time for answering has expired (*Campion* v. *Kille,* 15 N. J. Eq. 476; *Vandeveer's Admr.* v. *Holcomb,* 22 N. J. Eq. 555), nor grant leave to amend answers already filed so as to raise such defences. *Campion* v. *Kille, supra; Bohme* v. *Rall,* 51 N. J. Eq. 541, 546.

Counsel for complainant informs the court that the corporate name formerly was "Mayor and Council of the Borough of Vineland;" that it adopted the commission form of government and changed its name to "Borough of Vineland" by filing an appropriate certificate, and insists that under the authority of

*Jefferson* v. *Hotel Cape May, 82 N. J. Law 32,* the unnecessary words, viz., "The Board of Commissioners of," may be stricken out. There, on a plea of misnomer, an amendment was made changing the name of a corporate defendant, and this by the common law power to amend in courts of law. *Dinsmore* v. *Westcott, 25 N. J. Eq. 302,* is in point. There a mistake in antedating a subpœna in chancery, when in fact it had not been issued before the filing of the bill, was corrected. Amendments in equity are allowed with great liberality (*Fodor* v. *Kunie, 92 N. J. Eq. 301*); and they are not the creature of statute, but are allowed as a matter of inherent power in the court. Our Chancery act (*Comp. Stat. p. 438 § 77*) recognizes this by simply providing that all amendments shall be made with or without costs and on such equitable terms as the court shall direct.

The words "The Board of Commissioners of" will be stricken out and the complainant's corporate name will be amended accordingly, and hereafter the papers in this cause must be correctly entitled, viz., "Borough of Vineland."

Another ground of objection to the bill as stated in the notice to strike is, that it was not signed by counsel. This, however, was not insisted upon on the argument and solicitor was permitted to sign the bill as counsel, which he has done, and the pleading is now unobjectionable for that reason.

We come now to the meritorious question involved on this hearing.

The bill is one for discovery and accounting. It alleges that for at least five or six years last past the defendant was borough clerk of the complainant and had entire and exclusive charge, control and management of the clerical and bookkeeping departments of the borough; that during that period he engaged in the business of buying and selling coal, either individually or in the name of some company, partnership or association under his control, and did a large and lucrative business therein; that during the world war, as clerk and manager of the water and electric light plants of the borough, he purchased a large number of carloads of coal in the name of the borough on the pretence that the coal was needed for the borough's utilities,

but which he caused to be diverted to his own customers for his private lucre and gain; that during that period he, with funds of the complainant, purchased books, bookcases and other articles, all of which he disposed of by selling, giving away or converting to his own use; that the books of account kept by defendant during the period show that large quantities of coal were purchased and paid for by complainant, which were greatly in excess of the needs and uses of the complainant, but that those accounts were kept in such an uncertain, vague and indefinite manner that they fail to show how much of the coal was diverted to others or how much was charged to and paid for by it; that defendant during such period kept a set of books separate and distinct from complainant's books, which private books show the defendant's dealings in coal in which complainant is interested, &c. The prayer is for a discovery of and concerning the matters above set out, and for an accounting to the complainant for the profits made by the defendant in such dealings in coal, and for the books, bookcases and other articles converted and disposed of as above mentioned. The defendant filed a pleading labeled: "Objections to bill of complaint; and answer to the bill." He submits that the bill discloses no cause of action and that the same should be dismissed, and that he should not be required to make answer, and prays that the question of law may be heard and disposed of before the hearing of the principal case, as provided in rule 68. This is a mistake as rule 68 applies only to defences heretofore presentable by plea; and the objections to the bill in this case are tantamount to demurrer. This comes under rule 67, which provides that a motion addressed to a pleading on the ground that it discloses no cause of action, defence or counter-claim may be, on hearing, ordered to stand over until the hearing of the cause. The defendant prays that he may be permitted to file the answer without waiver of any of the objections to the bill. He has had the benefit of this while perhaps he is not entitled to it, because he had filed an answer without awaiting disposition of his motion to strike out, which motion will now be considered.

The objections to the bill, eight in number, upon which the motion to strike is grounded, are, generally, that it is not a purely civil bill but is a criminal proceeding because it seeks discovery and accounting for moneys and property alleged to have come to the hands of the defendant by and through divers criminal acts for which defendant would be liable to punishment in criminal proceedings; that the bill demands that defendant be held to answer for criminal offences without presentment or indictment of a grand jury, and upon the basis of such charges complainant seeks to recover from defendant divers sums of money without first instituting criminal proceedings to punish defendant; and that such a bill does not lie.

This motion to strike out is one under the rule of court 67, substituted for a demurrer under the former practice. *Bigelow v. Old Dominion, &c., Co., 74 N. J. Eq. 457* (at *p. 462*). And a demurrer to a bill in equity admits every charge which is well pleaded. *Goble v. Andruss, 2 N. J. Eq. 66; Force v. Dulcher, 17 N. J. Eq. 165; Camden Safe Deposit Trust Co. v. Dialogue, 75 N. J. Eq. 600; Swinley v. Force, 78 N. J. Eq. 52.*

Counsel for defendant argues that the bill is vague and indefinite as to the time of the commission of the acts complained of and that the bill should be dismissed because it does not appear upon its face when the alleged acts were committed. This point, however, is not specified as a ground of objection to the bill, and therefore need not be noticed. In passing, however, it may appropriately be observed that the reason why complainant does not allege dates apparently arises from the fact that it has none and that it is therefore impossible to allege any, and that is one of the very matters of which discovery is sought. Probably no bill for discovery ever set forth circumstantially and in detail all the facts concerning which discovery was sought, for, if all the facts were within complainant's knowledge there would be no occasion for discovery. A complainant has as much right to discovery of dates as of any other matter or thing.

In *Howell v. Ashmore, 9 N. J. Eq. 82,* it was held that when a defendant is charged with fraud, it is the peculiar jurisdiction of the court of chancery to compel such fraud-doer to disclose

the facts alleged and all the circumstances attending it in order that the court may determine whether those circumstances are a fraud or not.

As the suit is for recovery of property tortiously taken by defendant the bill lies because of the fraud involved, especially as defendant occupies a fiduciary position. *1 C. J. 623 § 70.*

But equity will not compel a discovery in aid of a criminal prosecution, or of a penal action, or of a suit in its nature partaking of such a character, for it is against the genius of the common law to compel a party to accuse himself; and it is against the principles of equity to aid in the enforcement of penalties or forfeitures. *Story Eq. Jur. (14th ed.) § 1942.* The suit at bar, however, is not one for discovery in aid of a criminal prosecution or a penal action, nor does it seek to subject the defendant to any penalty or forfeiture. It is a bill for an accounting for moneys alleged to have been made by defendant and appropriated to himself while acting as the agent of the complainant in respect of the matters concerning which his acts are declared to be fraudulent, and those acts are by the motion to strike out admitted to be true for the purpose of the argument and decision of the question before me. The discovery sought is in aid of this purely civil suit.

The bill alleges that the fraudulent transactions of the defendant have been carried on over a period of five or six years, and defendant in his brief asserts that the allegations amount to charges of larceny, embezzlement and malfeasance in office. True. And he asserts that the charges constitute crimes against the state and also the federal government (the latter by reason of certain wartime statutory regulations), for which defendant is subject to punishment in criminal proceedings, and he cites statutes of limitation, some running two years, some three and some five. But I am not obliged to apply any particular statutory limitation to any particular criminally fraudulent act alleged against defendant, because it does not appear that statutes of limitation run against every offence charged in the bill. It is to be borne in mind that the allegations carry the transactions back over a period of six years, and the longest period within which, according to defendant's contention, criminal

prosecution will lie, is five years, so that there is at least one year entirely free from this objection. Besides, the statutes of limitation are running daily, and upwards of five months have elapsed since the filing of the bill, so there is an additional gain in time to the complainant. The pendency of this suit of course does not bar the running of the criminal statutes of limitation; but as they more and more run out, the time during which complainant is entitled to discovery more and more runs in, assuming that defendant is thus protected.

The true rule in such a case as this, I think, is stated by the supreme court of Michigan in *Warren* v. *Holbrook, 95 Mich. 185,* where a person occupying a fiduciary position toward complainant had converted and criminally embezzled money belonging to his employer and was held to account in equity notwithstanding his liability to prosecution for his crime, the court observing (at *p. 189*) :

"The fact that the acts complained of impute to the defendant the commission of a criminal offence, and that, if he were compelled to render an account, evidence might be produced forming the basis of a criminal accusation, does not oust the court of jurisdiction. This is a purely civil proceeding, and the only questions are, Did Holbrook retain money belonging to his employer, and, if he did, how much? He could not, of course, be compelled to discover any facts tending to criminate himself, but this does not prevent the trial of the issue made by the pleadings under the rules of evidence in civil actions. *Story Eq. Pl.* § *525."*

The rules of evidence referred to I understand to mean, *inter alia,* the right of defendant to refuse to answer any particular question on the ground that the answer would criminate or tend to criminate him; and as this case will be referred for trial that ought to be laid down.

In *Bailey* v. *Stiles, 3 N. J. Eq. 245,* Van Arsdale, master, to whom the chancellor referred the matter for hearing, observed (at *p. 248*), that the defendants protected themselves from answering on the ground that their answers might incriminate them. In *Vandeveer* v. *Holcomb, 17 N. J. Eq. 87,* it was held that if a discovery is necessary equity will not require the de-

fendant to answer under oath and thus be a witness against himself in a matter which will subject him to a penalty or forfeiture or to any loss in the nature of a forfeiture. But the case before me is not one for a penalty or forfeiture or one to subject defendant to loss in the nature thereof.

A question may be put to a witness though the answer may criminate or disgrace him, but the witness is not bound to answer; however, he may waive the privilege. *Fries* v. *Brugler, 12 N. J. Law 79.* The protection against self-incrimination is the privilege of a witness, but cannot be asserted by him until the question is put. He may then be compelled to give his reason so that the court may judge whether the protection claimed is valid. *Conover* v. *West Jersey Mortgage Co., 87 N. J. Eq. 16, 18.*

· It is universally conceded that a question whose answer would disclose a criminating fact may be put to a witness on the stand; and that the same rule applies to interrogatories in a bill for discovery in chancery. *3 Wig. Ev. § 2268.* And that the privilege is that of the person under examination as witness, and, like all other privileges, is intended for his protection only; consequently, it does not concern the right of the party calling him; that where the party and the witness are separate persons that witness must be left to make the claim for himself and the party may not make it for him; furthermore, that the party's counsel may not, as such, give warning of the privilege to the witness or require the judge to do so; and that where the party and witness are identical it would seem that the same results must follow. *Ibid. § 2270.*

The witness himself is the only person who can claim the protection of the rule against self-incrimination. Neither the court nor the parties or their counsel can object to the witness's answering on this ground. The question may lawfully be put whatever its tendency to draw out self-incriminating testimony, and the witness must decide for himself whether he will assert his privilege or waive it and answer. *Rap. L. Wit. § 265.*

It is for the witness, and not for his counsel, to claim the privilege. *Wrot. Ex. Wit. 22, note.*

The assertion that this is a criminal proceeding and that the bill demands that the defendant be held to answer for criminal offences without presentment or indictment by a grand jury, has no basis in fact.  Nor is there any substance in the contention that the bill is bad because it seeks to recover from defendant moneys obtained by him through criminal fraud without first instituting criminal proceedings to punish him. *McBlain* v. *Edgar, 65 N. J. Law 634,* held that the common law rule that required the institution of a criminal proceeding, and either a conviction or acquittal or some other termination of the criminal charge before bringing a civil suit by the party injured, does not obtain here, and that in such circumstances the party may institute the proceedings for damages promptly, but must not bring on the trial of the cause in advance of his public duty to make complaint and appear before the grand jury.  The case of *McBlain* v. *Edgar* involved a rape, a single indictable offence; and it may well be that in cases of assault and battery, larceny, embezzlement, and other offences in which the facts are known to the injured party, a civil suit founded thereon may not be brought on for trial before the injured party sets the criminal law in motion to redress the public wrong committed, and that proceeding has been terminated; but, where the injured party has no direct and positive evidence, but only reasonable and probable cause to believe that fraud has been committed to his injury (although it involve criminality), he may proceed in chancery for discovery of facts which would establish the fraud, and the defendant will be amply protected by refusal to answer any interrogatory which would criminate or tend to criminate him; and, if he refuses to answer any interrogatory on that ground he should so state.

The defendant in this case has answered the bill, paragraph by paragraph, as required by rule 44, but insists upon his motion to strike out being heard and disposed of under rule 68.  That rule (68), as shown above, is not the pertinent one.

The answer by paragraphs is prefaced by a statement termed "General answer to the bill of complaint."  It is filled with averments which are irrelevant, impertinent and scandalous. The specific answer to the bill, paragraph by paragraph, sets up

defensive matter which, if proved, would bar the suit, and the averments in the general answer are largely repetitional of averments in the specific answer. The first paragraph of the general answer avers that for more than ten years prior to July 1st, 1921, defendant was clerk of the borough of Vineland, and that during all that time he honestly, impartially and faithfully executed the duties of his office to the best of his skill, ability and understanding, and he says that all the charges and allegations to the contrary are wholly false and fabricated by his political enemies. Passing over some of the general averments stating facts tending to show defendant's honesty and fair dealing, he goes on to assert that in May, 1921, a new board of commissioners was elected for the borough of Vineland, and that two of them constituted themselves a cabal or political faction to distribute to themselves the political patronage of the borough, and that during the campaign preceding the election various canards had been circulated that the public moneys had been misappropriated and misapplied in some manner, and that the books of the borough were not properly kept; that upon their assumption of office the new commissioners employed certain persons, claiming to be expert accountants, to audit the accounts and books of the borough which had been kept under the supervision of the defendant, and he charges that those accountants were employed under circumstances which constituted them partisans of the dominant political faction of the borough, and that they, by every means possible, sought to discover malfeasance or misfeasance on the part of the defendant, on the theory that he, the officer having general supervision of the books of account of the borough, would be the responsible party if irregularities should appear; and the defendant avers that he is prepared to prove that the expert accountants employed by the dominant faction were wholly unable to discover omissions, false charges or arrears of any kind, &c., to the dismay and discomfort of the adherents of the two commissioners now in power, who hoped that by the audit, inspection and investigation mentioned, the campaign canards so successfully circulated would be substantiated, &c.

In *Hutchinson* v. *Van Voorhis, 54 N. J. Eq. 489,* it was held that facts stated in an answer which are not material to a decision of the matter put in litigation by the bill, are impertinent, and if reproachful, are scandalous. And Chancellor McGill said (at *p. 445*), speaking of impertinent matter, that the answer must not go out of the bill to state that which is not material or relevant to the case made by the bill; that long recitals, digression, stories, conversations and insinuations tending to scandal, are of that nature, and that perhaps the best test by which to ascertain whether the matter be impertinent is to try whether the subject of the allegation could be put in issue or would be matter proper to be given in evidence.

There is no motion by the complainant under rule 67, in substitution of the exception formerly employed, to strike out the irrelevant, impertinent and scandalous matter in the answer, but the court, of course, can strike such out of its own motion.

The averments of political activity and chicanery certainly have no bearing upon the merits of the case *sub judice,* and are therefore impertinent; they are scandalous also because they are reproachful to the officers of the complainant whose conduct is denounced by the defendant.

The general answer also contains the amazing charge that the filing of the bill is not in good faith for the purpose of actually benefiting Vineland, but for the sole purpose of maintaining a colorable prosecution pending which the campaign utterances of the present dominant political faction may be for the time apparently sustained, at least in a measure, and with the further hope that by the lapse of time the same may be forgotten in recurring future events.

If anything is well settled in the law of this state it is that when a suitor is entitled to relief in respect to the matter concerning which he sues, his motives are immaterial. *Bull* v. *International Power Co., 84 N. J. Eq. 6, 10.* See, also, *Davis* v. *Flagg, 35 N. J. Eq. 491.* On the face of the bill the complainant has a cause of action, and if the commissioners individually were the complainants their motives could not be thus challenged; but the commissioners are not the complainants;

the complainant is the corporate entity known as the borough of Vineland, and certainly no bad motives can be imputed to it. The whole of the general answer, filled as it is with impertinence and scandal, will be struck out. Anything in it which may be pertinent is merely repetitional of matters pleaded in the specific answer to the bill of complaint.

Now, it is perfectly apparent that no issue could be framed upon these impertinent and scandalous averments which would have any relevant bearing upon the case made by the bill. The defendant has gone outside of the bill for these averments which he perhaps hopes to import into the litigation. If he has committed the frauds imputed to him he will have to account, and it makes no difference if they were discovered and are being prosecuted by political enemies. On the other hand, if the charges in the bill are untrue, whether willfully or mistakenly, is equally a matter of indifference to the court. If the defendant is innocent the trial will vindicate him.

There is also matter in the specific answer which will be struck out. In paragraph 4 it is stated that the charge contained in the fourth paragraph of the bill is wholly false and fabricated. The rule of pleading requires that facts, and not comments or characterizations, shall be stated. This will be struck out. Paragraph 8 of the answer, answering the like paragraph in the bill, concludes with an averment that "though not germane to the present litigation" defendant takes occasion to deny the allegation contained in the bill that the financial affairs of the complainant are in a deplorable condition and says that on the contrary its affairs are in a flourishing condition, and that the allegations to the contrary are set forth for a purpose intended to have some political bearing on public affairs of Vineland. It is hard to understand why counsel should have inserted such an averment in an answer, starting as it does with an admission that it is not germane to the litigation. Not being germane, it is irrelevant; and it is also impertinent and scandalous. It will be struck out.

And as the defendant has answered, complainant has got the discovery it prayed for, unless it desires to treat the answer as not sufficient in certain particulars. For instance: The bill

prays, *inter alia,* that defendant "set forth and declare whether or not in his coal dealings with complainant, he was acting for himself, and if not, then that he state fully and particularly for whom he was acting, whether for a firm or partnership, and if so, who were the individual members thereof, and that he set forth their respective places of residence and post-office addresses; and that if he was acting for a corporation, then for what corporation, and under the laws of what state the same was incorporated." The defendant answers (paragraph 3) thus: He "admits that for the period, or part of the period mentioned in paragraph 3, he has been engaged in the business of buying and selling coal, either for himself individually or in the name of some company, partnership or association, and has done a large business."

And (paragraph 11) thus: He "denies the allegation of the complainant that he used the credit of the complainant for his own benefit or the benefit of any person, firm, corporation or partnership for which he was acting."

His denial that he used the credit of the complainant for the benefit of himself or any person, firm or corporation for which he was acting, does not excuse him from setting forth and declaring for whom he was acting, whether himself, a firm, partnership or corporation, &c., which he admits doing in a general way.

When a defendant submits to answer he must answer fully. *Manley* v. *Mickle,* 55 *N. J. Eq.* 563; *Thompson* v. *North,* 67 *N. J. Eq.* 278; *Salem* v. *State,* 76 *N. J. Eq.* 264. And if he does not answer fully the complainant may have an order that he answer further. See *Manley* v. *Mickle, supra.*

The result reached is that the motion to strike out the bill will be overruled, with costs; the answer will stand, with leave to the complainant to apply for an order for further answer in the particulars mentioned, if it shall be so advised.