This matter comes before me on a motion to strike out the bill of complaint filed herein, which prays specific performance of an alleged contract of sale of land, copy of which is attached to the bill and is on the following form:
"August 12, 1925.
Received from John A. Boehme, five hundred [$500.00] dollars, deposit on purchase price of Nos. 509-511 Ocean Ave., Bradley Beach, Monmouth County, New Jersey.
Purchase price $38,500, payable as follows:
 Deposit ............................... $500.00
 Cash Aug. 26, 1925 .................... 1,500.00
 On Nov. 1, 1925 ....................... 3,000.00

Balance on Bond and Mortgage, as per agreement of sale to be drawn on August 13, 1925, subject to approval of purchaser.
 LEA SOLOMON. MILTON GUTTMAN. JOHN A. BOEHME.
 Witness H.W. MEHRTENS
In consideration of one dollar and other valuable considerations to me in hand paid I hereby assign to Kuskin 
Rotberg all my rights in the above property.
JOHN A. BOEHME.
STATE OF NEW JERSEY, | ss.
COUNTY OF MONMOUTH, |
On this 14th day of August, 1925, appeared before me Henry W. Mehrtens, who, being duly sworn, deposes and says that he saw Lea Solomon and Milton Guttman sign the within agreement and heard them acknowledge that they signed and delivered the same as their voluntary act and deed for the uses and purposes therein expressed.
H.W. MEHRTENS.
Sworn and subscribed to this 14th day of August, 1925. E.R. McGLYNN, Master in Chancery of New Jersey."
The motion is based upon the ground that the alleged contract is not complete, and that, in fact, no legal contract ever existed between the parties. It appears from the copy of the alleged contract quoted above, and which is dated August 12th, 1925, that a formal contract was to have been entered into on the following day. It also appears that whatever rights John A. Boehme had under the alleged contract were, on August 12th, 1925, assigned to the complainants in *Page 619 
this suit. The complainants allege that the defendants Guttman and Solomon failed to keep an appointment made for them on August 13th, 1925, for the purpose of executing the formal contract. By whom this appointment was made is not disclosed, nor does it appear from the bill that the defendants ever assented thereto. On August 14th, the complainants, assignees of John A. Boehme, had the original written contract proved by the subscribing witness and caused it to be recorded in the clerk's office of Monmouth county, and at that time learned that a short time previous on the same day a deed from the defendants Guttman and Solomon, conveying the property to the defendants Morris Greenberg and Pearl Greenberg, had been recorded in said clerk's office.
A motion to strike out a bill takes the place of a demurrer under the old practice, and on such motion the facts alleged in the bill of complaint, but those only, must be considered as admitted for the purpose of the motion.
There are no material facts alleged in the bill other than those above recited. Paragraph 8 of the bill, however, contains the charge that the conveyance from the defendants Guttman and Solomon to the defendant Greenberg was "for the express purpose of hindering, delaying and defrauding these complainants." This is the only charge of fraud contained in the bill, and the facts alleged in the bill are insufficient to support this charge. The allegation is a mere conclusion, to arrive at which, from a consideration of specific facts alleged, is the province of the court. Fraud is therefore not to be taken as admitted by the defendants.
I feel that my decision on this motion should be governed by the case of Bettcher v. Knapp, 94 N.J. Eq. 433. In that case the court held, "where the parties to a contract for sale of lands make it an essential part of their agreement that it be embodied in a formal written instrument, the matter remains infieri until the written instrument has been delivered."
See, also, the very recent case of Kudtz v. Busch, 3 N.J.Mis. R. 389, a case very similar to the case at bar. *Page 620 
Other cases to the same effect are Moore v. Galupo, 65 N.J. Eq. 195; McKibben v. Brown, 1 McCart. 19; 2 McCart. 498;Wharton v. Stoutenberg, 35 N.J. Eq. 266; Donnelly v. CurrieHardware Co., 66 N.J. Law 388; Jersey City v. Brown,32 N.J. Law 504; Trenton and Mercer County Traction Corporation v.Trenton, 90 N.J. Law 378; affirmed, 91 N.J. Law 719; Mente Co. v. Heller, 123 Atl. Rep. 755; Domestic Telegraph Co. v.Metropolitan Telephone Co., 39 N.J. Eq. 160; Potter v.Hollister, 45 N.J. Eq. 508.
Complainant in his brief alleges that the failure of the original parties to the proposed sale to execute a formal contract was due to the fault of the defendant vendors, and invokes the rule that "where there is a fraudulent omission to have an agreement reduced to writing, which induces an irretrievable change of position, equity will grant relief," citing 5 Pom. Eq. Jur. (4th ed.) 5035.
It is not necessary to consider the application of this rule, however, as this charge of fraudulent omission is dehors the record. Many other statements are contained in complainants' brief which, if contained in the bill of complaint, might be considered as a basis of fraud; but on an application of this kind the court cannot consider any facts not alleged in the bill.
An inspection of the alleged contract, which is merely a receipt and acknowledgment that certain negotiations for the sale of land have been had between the parties, indicates too plainly for argument that there was no completed contract. The "agreement of sale to be drawn" was expressly "subject to approval of purchaser." From this it would appear that the mind of the parties had never met. This court cannot make a contract for the parties, and, if their negotiations are incomplete, must leave the parties where it finds them.
 The motion to strike out the bill will be granted. *Page 621