MICHAEL J. TANSEY, complainant-appellant,

*v.*

BELLEVILLE RELIEF ASSOCIATION, a body corporate,
defendant-respondent.

[Submitted February 13th, 1926. Decided May 17th, 1926.]

On appeal from a decree of the court of chancery advised
by Vice-Chancellor Bentley, who delivered the following
opinion:

"This is a motion to strike out a bill of complaint, upon
the ground that the bill and sworn testimony of the com-
plainant conclusively show that the pleading will not lie.

"The pertinent allegations of the bill are, that the de-
fendant adopted a resolution authorizing the sale of the land
in question, and passed a second resolution authorizing an
agent to negotiate the sale thereof; that the agent entered
into an agreement to convey the land to the complainant for
such a sum of money as would liquidate the defendant's debts,
to be, however, not less than $25,000. It is then said that
the complainant undertook the usual and necessary steps to
prepare for taking title, but that the defendant entered into
an agreement with some other persons to convey the prop-
erty. The prayer is for specific performance of the com-
plainant's contract with the agent of the defendant.

"Pursuant to an order, the complainant presented himself
and was cross-examined by the defendant, from which it
appears that the contract which he seeks to have enforced was
not in writing, and that there was no memorandum thereof
in writing signed by the defendant, or 'some other person
thereunto by him or her lawfully authorized,' as required by
the fourth subdivision of section 5 of 'An act for the preven-

tion of frauds and perjuries.' *2 Comp. Stat. p. 2612.* There was no memorandum, letter, note or other documentary evidence of the alleged contract produced or proved, and, therefore, it is clear, of course, that none exists or can be proved upon a final hearing if the cause were permitted to proceed thereto. This brings the motion within the authority of *Strauss* v. *Rabe, 97 N. J. Eq. 208; affirmed, 98 N. J. Eq. 700.* In that case it was said:

" 'From these cases it is argued, and, I think, with soundness, that where a bill upon its face appears to set forth a valid cause of action, but it is otherwise made to appear by the complainant's own proofs, such as the verifying affidavits or schedules annexed to his bill, or otherwise, that in all truth and honesty the bill does not exhibit the true state of facts, and that the latter preclude all possibility of his success, there is inherent power in the chancellor to dismiss the bill.'

"It is true that the pleading in question does not misstate the facts, but there is an ambiguity which the examination of the complainant clears up, and, for that reason, I feel that the defendant's motion should be granted.

"In the brief presented on behalf of the complainant, the argument would indicate that he has mistaken the theory and purpose underlying the application of the defendant. He cites a wealth of authorities to prove that the agent of the defendant with whom he treated was lawfully empowered to bind the defendant by a valid contract, but there is not one word to show that such action was ever taken by the agent or by his principal. This motion would never have been undertaken had the agent ever entered into a contract, as required by the statute. Of course, it is elementary that if the principal cannot be held on an oral promise to sell or convey made by himself, it is equally clear that he cannot be compelled to convey on the basis of such a promise made by his agent, irrespective of how firmly the authority of the agent is established.

"I will advise an order striking out the bill."

*Mr. Michael J. Tansey* and *Messrs. Kraemer & Siegler,* for the appellant.

*Mr. Nathan H. Berger,* for the respondent.

PER CURIAM.

The decree will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Bentley in the court of chancery.

*For affirmance* — TRENCHARD, PARKER, MINTURN, KA-LISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.    13.

*For reversal*—None.