Complainant brought suit to compel specific performance by the defendant of an agreement wherein it was provided that the complainant should procure title, either by foreclosure or otherwise, to certain real estate on which the complainant held first mortgage and the defendant held a second mortgage, and that the title would "be taken by the said Augusta B. Parsonnet, who will thereupon execute to the Acquackanonk Building and Loan Association new first mortgages of $11,000 each on houses Nos. 729 and 731, and a new first mortgage of $11,500 on house No. 738 Second avenue, Lyndhurst, New Jersey. The said Acquackanonk Building and Loan Association shall clear the title so that the said Augusta B. Parsonnet shall have the title free from all encumbrance, except only the new first mortgages of the Acquackanonk Building and Loan Association above specified, except that the said Augusta B. Parsonnet shall pay one-half of accrued and unpaid taxes and assessments on the property and will pay all of the second half of 1927 taxes." There was a contingency upon which the building and loan association should have the option to withdraw from the contract; but that option was not exercised. The agreement was in effect for the sale and purchase of the properties for the price of $33,500, payable by purchase-money mortgages, with a further undertaking for the payment by the purchaser of specified taxes and assessments.
The complainant acquired the property and noticed defendant to close the transaction. There were meetings without definite result, and finally this suit was instituted. The main issue is whether the complainant has held itself ready to perform. *Page 50 
The general rule is that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt and eager to perform the contract on his part. Meidling
v. Trefz, 48 N.J. Eq. 638, 644. The contract toward which such attitude must be shown is the contract made by the parties, as the court of chancery cannot make a contract for them. Kuskin
v. Guttman, 98 N.J. Eq. 617, 620; 99 N.J. Eq. 887. In Degheri
v. Carobine, 102 N.J. Eq. 264 268, the rule was applied to the facts of that case in the following language: "The court of chancery cannot compel a mortgagee to take that which such mortgagee does not wish to take, or which it has not agreed to take * * *."
Complainant in its bill alleged that it "has always been ready and willing and now tenders itself ready and willing to perform its part of said agreement and, on being paid the taxes and assessments, which constitute the remainder of said purchase-money, in accordance with the terms of the contract aforesaid, to convey said lands and premises to said Augusta B. Parsonnet by deed, duly executed by complainant." It appears by the proofs, however, that complainant's tender has been conditioned upon the defendant's undertaking to make a recurring monthly payment, called a premium, of one-tenth of one per cent. of the face amount of the mortgages, a position which the complainant as respondent still maintains. The defendant calculates that the sum total of these premiums, provided the mortgages run over a twelve-year period, would be $8,640. If the mortgages should run for a shorter time, the amount would be correspondingly less but nevertheless substantial. The premium is independent of, and in addition to, the interest. It is common knowledge that such an imposition does not accompany the ordinary mortgage; nor is it shown to be an invariable concomittant of a building and loan association mortgage. Complainant's brief asserts that it is a reasonable assumption that the defendant knew what the usual form of complainant's mortgage was and that presumably she knew that the practice of charging premiums was discussed. Assumptions and presumptions are not proof. *Page 51 
To justify specific performance, the terms of the contract must be established by proofs, clearly, definitely and unequivocally.Wharton v. Stoutenburgh, 35 N.J. Eq. 266, 274. According to the allegations of the bill, it is the written agreement that complainant seeks to enforce. There is not a word, either in the bill or in the written agreement, concerning premiums. Not only is the bill entirely silent on that subject, but it alleges no contractual obligation dehors the writing. The answer denies a refusal by the defendant to consummate the contract and sets up that "the complainant demanded a premium for the loans which were provided under the instrument alleged in paragraph two of the complaint and informed defendant that it would refuse to convey the premises unless the said defendant paid to complainant such premium. Defendant alleges that this demand was in violation of the agreement made by the said complainant and constituted a breach of any contract which might have existed between the parties hereto." The remaining pleading was a short replication: "The complainant joins issue on the answer of the defendant."
We consider that on the issue thus framed the defendant should prevail. The condition imposed by the complainant on the consummation of the agreement was in opposition to the terms of the agreement and was a breach thereof. Equity will not hold the defendant to an agreement from which the complainant stands aloof. The decree below should be reversed.
For affirmance — None.
For reversal — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14. *Page 52