The factual circumstances revealed by the complainant's bill of complaint fail, say the defendants, to constitute a cause of action cognizable by this court. I do not regard it necessary to restate them at length.
An application made, as here, in pursuance of rule 69 is the modern equivalent of a demurrer under the early practice and normally carries with it, for immediate purposes, an acknowledgment of the truth of all the material and adequately pleaded factual charges of the bill. Vineland v. Maretti,93 N.J. Eq. 513, 518; 117 Atl. Rep. 483; Kuskin v. Guttman,98 N.J. Eq. 617; 130 Atl. Rep. 829; affirmed, 99 N.J. Eq. 887;132 Atl. Rep. 922; Baum v. Canter, 104 N.J. Eq. 224;144 Atl. Rep. 588; Christiansen v. Local 680, Milk Drivers, c., 126 N.J. Eq. 508; 10 Atl. Rep. 2d 168; State v. Foster Wheeler Corp.,133 N.J. Eq. 554; 33 Atl. Rep. 2d 699; Goldberg's Corp. v.The Goldberg Realty, c., Co., 134 N.J. Eq. 415; 36 Atl. Rep.
2d 122.
However, the characterizations and conclusions contained in a bill of complaint are not implicitly to be adopted. For example, the pleader's construction and acceptation of the legal nature of a document, a copy of which he has caused to be attached to and made a part of the bill, are not controlling. The document itself is thus exposed to examination and construction by the court.Schuler v. Southern Iron and Steel Co., 77 N.J. Eq. 60;75 Atl. Rep. 552; Dick v. McPherson, 72 N.J. Law 332;62 Atl. Rep. 383.
Hence, the intentions of the parties, as here, are open to ascertainment by what they committed to writing. Philip A.Singer Bro. v. A. Hollander Son, 104 N.J. Eq. 352, 354;145 Atl. Rep. 621. And so, in determining the sufficiency of a bill this court has inherent power to dismiss it *Page 283 
where it is made evident by the schedule or exhibit accompanying the bill that the characterization, interpretation, and legal construction sought to be ascribed to the exhibited document by the allegations of the bill itself are patently unwarrantable.Strauss v. Rabe, 97 N.J. Eq. 208; 127 Atl. Rep. 188;
affirmed, 98 N.J. Eq. 700; 130 Atl. Rep. 920; Tansey v.Belleville Relief Association, 99 N.J. Eq. 894;133 Atl. Rep. 423; Kahn v. Rockhill, 131 N.J. Eq. 279; 25 Atl. Rep. 2d4.
In summary, the present bill alleges that on July 24th, 1946, the defendants, Camill H. Mehl, now 78 years of age, and his daughter, Irmgard Elsbeth Mehl, now 48, who has been totally blind for more than 40 years, each engaged the services of the complainant to be rendered on their behalf in pursuance of written authorizations respectively executed by each, and of which the following is a sample:
 "POWER OF ATTORNEY
"KNOW ALL MEN, that I, Camill H. Mehl, residing at the Fellowship Deaconry Recreation Home, in the Township of Bernardsville, County of Somerset, State of New Jersey, do hereby constitute and appoint Ernest G. Maihack, of the City of Summit, residing at 5 West End Avenue, County of Union, and State of New Jersey as my true and lawful attorney for me, and in my name,
"1. To enter upon and take possession of any lands, buildings, tenements, or other structures, or any part, or parts, thereof, that may belong to me, or to the possession whereof I may be entitled;
"2. To ask, collect and receive any rents, profits, issues, or income, of any and all of such lands, buildings, tenements, or other structures, or of any part, or parts, thereof;
"3. To make, execute, and deliver any deed, mortgage, or lease, whether with, or without, covenants, or other structures, or of any part or parts, thereof, and to manage any such lands, and to manage, repair, alter, rebuild, or reconstruct, any buildings, houses, or other structures, or any part, or parts, thereof, that may now or hereafter, be erected upon any such lands;
"4. To demand, sue for, collect, recover and receive all goods, claims, debts, moneys interest and demands whatsoever now due, or that may here after be due, or belong to me (including the right to institute any action, suit, or legal proceeding, for the recovery of any land, buildings, tenements, or other structures, or any part, or parts, thereof, to the possession whereof I may be entitled), and to make execute and deliver receipts, releases, or any discharges therefor, under seal or otherwise:
"5. To make, execute, endorse, accept and deliver any and all bills of exchange, checks, drafts, notes and trade acceptances; *Page 284 
"6. To pay all sums of money, at any time, or times, that may hereafter be owing by me upon any bill of exchange, check, draft, note, or trade acceptance, made, executed, endorsed, accepted and delivered by me, or for me, and in my name, by said attorney;
"7. To sell any and all shares of stocks, bonds, or other securities now, or hereafter, belonging to me, that may be issued by any association, trust, or corporation whether private or public, and to make, execute, and deliver any assignment, or assignments, of any such shares of stocks, bonds, or other securities;
"8. To defend, settle, adjust, compound, submit to arbitration and compromise all actions, suits, accounts, reckonings, claims and demands, whatsoever, that now are, or hereafter shall be, pending between me and any person, firm or corporation, in such manner and in all respects as my said attorney shall think fit;
"9. To hire accountants, attorneys-at-law, clerks, workmen, and others, and to remove them, and appoint others in their place, and to pay and allow to the persons to be so employed such salaries, wages, or other remuneration, as my said attorney shall think fit;
"10. To enter into, make, sign, execute and deliver, acknowledge, and perform any contract, agreement, writing, or thing that may, in the opinion of my said attorney, be necessary, or proper, to be entered into, made or signed, sealed, executed, delivered, acknowledged, or performed;
"11. To constitute and appoint, in his place and stead, and as his substitute, one attorney, or more, for me, with full power of revocation; and
"12. Without, in any wise, limiting the foregoing, generally to do; execute and perform any other act, deed, matter, or thing, whatsoever, that ought to be done, executed and performed, or that, in the opinion of my said attorney, ought to be done, executed, or performed, in and about the premises, of every nature and kind, whatsoever, as fully and effectually as I could do, if personally present.
"And I, the said Camill H. Mehl, do hereby ratify and confirm all whatsoever my said attorney, or his substitute, or substitutes, shall do, or cause to be done, in, or about the premises, by virtue of this power of attorney.
"IN WITNESS WHEREOF, I have hereunto set my hand and seal, in the Township of Bernardsville, County of Somerset, State of New Jersey, on this 24th day of July, 1946.
"(Signed) CAMILL H. MEHL L.S. Camill H. Mehl "In the Presence of:
 TONI RADMER EMIL SPEER"
The accounts, stocks, and other financial securities of the defendants were thereupon made accessible to the complainant, and he has since exercised the powers bestowed upon him and has rendered to them monthly reports of his administration. *Page 285 
The defendants have resided continuously in the home of the Fellowship Deaconry at Bernardsville, New Jersey. In October 1947 the complainant received notice from the defendants of the revocation of his authority, followed by information of their appointment of Mr. Henry J. Myer to serve in his stead.
The complainant does not seek to resist the termination of his representative duties. Neither the prudence of his stewardship nor the accuracy of his accounts is impugned. Tersely explained, the complainant by reason of the circumstances related in his bill has evidently developed grave doubt concerning the competency of the defendants to act voluntarily and understandingly for themselves. He entertains from recent experiences the conjecture that they are now completely subservient to the influence and directions of certain members of the sisterhood at the Fellowship Deaconry. The securities of Mr. Mehl which the complainant is requested to surrender amount in present value to $270,000; those of the daughter, $105,000.
In the existing exigency, the complainant desires to have his relinquishment of the securities and his accounts receive the approval and confirmation of this court. Specifically he prays:
"1. That the said Camill H. Mehl and Irmgard Elsbeth Mehl who are the Defendants to this suit, may answer this bill of complaint and each statement therein made.
"2. That this Court may appoint some proper and suitable person to act as guardian ad litem for the said Camill H. Mehl and Irmgard Elsbeth Mehl.
"3. That this Court may assume jurisdiction of the trusts herein and the accounts filed in connection therewith; that all matters and things therein reported, including the receipts and disbursements of both corpus and income, the acquisition, retention, change of sale of investments and the statement of assets of which the balance of the trust consists, and all matters relating thereto may be approved and confirmed by this Court; that said accounts may be stated and audited, and that such commissions and counsel fees may be allowed as this Court may see fit. *Page 286 
"4. That this Court may inquire into the matter; and that Complainant may be authorized and directed by decree of this Court to surrender the securities and the property now in his possession, belonging to the said Camill H. Mehl and Irmgard Elsbeth Mehl, to them or either of them if in the judgment of this Court they are competent to receive the same and give proper receipts or releases, or to a proper and fit person duly appointed by this Court to receive the same in their behalf."
The pivotal question determinative of the present motion relates, I think, to the intrinsic legal nature and quality of the evidential instrument from which the complainant derived his representative capacity and in pursuance of which he has acted.
It is manifest from the composition of the bill that the complainant conceives that he has served in the fiduciary capacity of a trustee as well as that of an agent. A few words will demonstrate that in resolving the right, if any, of the complainant successfully to achieve in this court the type of equitable relief he implores, the identification of the true relational association of the parties becomes exceedingly important. Therefore in the present instance, was the relation one of trustee and cestui que trust or one of principal and agent?
Assuredly this court has inherent jurisdiction over the administration of trusts and the accounts of trustees, but except in those cases in which there are mutual accounts or the transactions between a principal and agent are so involved and complicated that the remedy at law is inadequate to administer complete justice, or where an accounting is ancillary to the superior and principal purpose of the cause of action, the mere relation of an agent to his principal does not of itself entitle an agent to maintain a bill for an accounting against the principal. Pine Building Co. v. Grossman, 102 N.J. Eq. 189;140 Atl. Rep. 251; 4 Pom. Eq. Jur. (5th ed.), § 1421;2 Am.Jur. "Agency," § 293; Annotated Cas. 1914-B, 1028; Merwin. Eq. Eq. Pl., § 580. See Seymour v. Long Dock Co., 20 N.J. Eq. 396,407. Cf. Hutchinson v. Van Voorhis, 54 N.J. Eq. 439;35 Atl. Rep. 371; Ringer *Page 287 
v. Finfrock, 17 Atl. Rep. 2d 348; Tharp v. St. GeorgesTrust Co., 34 Atl. Rep. 2d 253; Dorman v. Crooks StateBank, 55 S.D. 209; 225 N.W. Rep. 661; 64 A.L.R. 614.
A concise definition of a trust is the beneficial ownership of property of which the legal title is in another. Trustees and agents are distinguishable primarily in the role and character in which they act. The representative capacity of an agent is to perform acts for his constituent solely in conformity with the granted authority. A trustee in whom an estate, interest, or power in or affecting property is vested for the benefit of another occupies, except as restrained by law or by the terms of the trust, a position analogous to that of a principal.
The instruments displayed by the complainant as the source and supply of his representative and delegated control over the resources of these defendants are each entitled "Power of Attorney," and each has the exoteric cast and features as well as the usual substance of the conventional document of that intent and signification. The legal title to the securities of the defendants does not appear to have been assigned to the complainant. In dealing with bills for an accounting, the basic inquiry is whether the complainant is entitled to an account.Hudson v. Trenton Locomotive, c., Co., 16 N.J. Eq. 475;Kennedy v. Tranquility Cemetery Co., 84 N.J. Eq. 632;95 Atl. Rep. 115. I am accordingly constrained to conclude that the relation between the complainant and the defendants was solely that of principal and agent.
Here, then, is a cause instituted by the agent against his principals in which there is no existing or reasonably apprehended dispute among them implicating the conduct of the complainant, a contingent and unsettled remuneration for his services, the need for discovery or the adjustment of mutual or complicated accounts, which at present projects any controversial issue either of a legal or equitable nature.
It is of course elementary that a principal is possessed of the power to revoke the authority of his agent at any time except where the delegation of such power is expressly made irrevocable, or where it is coupled with an interest, or given *Page 288 
for a valuable consideration or as part of a security, or in other such exceptional situations, none of which is here asserted. Subject to like exceptions, the insanity of the principal operates to revoke the authority of his agent. Hill
v. Day, 34 N.J. Eq. 150; Blake v. Garwood, 42 N.J. Eq. 276;10 Atl. Rep. 874; Matthiessen, c., Co. v. McMahon's Adm'r,38 N.J. Law 536. Sanity rather than insanity, competency rather than incompetency are presumed. The complainant as a mere stranger would not seem to be entitled to sue out a commission in the nature of a writ of de lunatico inquirendo. In re Oswald,132 N.J. Eq. 325; 28 Atl. Rep. 2d 299. A determination that the bill is not maintainable against the defendants casts adrift the consideration of the petitions for the appointment of guardians ad litem whose functions would be confined to the defense of the alleged cause of action. East Paterson v.Karkus, 136 N.J. Eq. 286; 41 Atl. Rep. 2d 332.
An order will be advised dismissing the bill. Permit me, however, to recommend, ex curia, that the defendants and their counsel indulge the precautionary measures of the complainant in so far as reasonably practicable and provide him with photostatic copies of the powers of attorney issued by the defendants to his successor, and with writings acknowledging the receipt of his final accounts and of his surrender and delivery of the various stocks and other securities, to which the substituted attorney and the respective defendants have subscribed. *Page 289