## HAMILTON *vs.* DOBBS & ROBINSON.

1. A suit at law will not be enjoined because of the refusal of the court to postpone the trial.

2. A tenant for years, who offers to pay off a mortgage debt, has the right to redeem. He has not, perhaps, strictly the right to demand a written assignment of the bond and mortgage, but he stands by redemption in place of the mortgagee, and will be subrogated to his rights against the mortgagor and the reversioner. He has the right to have the bond and mortgage delivered to him uncanceled, which, in such case, is in equity, and may be at law, a complete assignment.

On motion to dissolve injunction.

*Mr. P. L. Voorhees,* in support of the motion.

*Mr. J. M. Scovel,* contra.

THE CHANCELLOR.

The injunction was granted to restrain the defendant, Robinson, from prosecuting an action of ejectment on a mortgage by Dobbs, assigned to him. The complainant had leased the farm, which is the mortgaged premises, for three years from March, 1866, from the defendant, Dobbs. The mortgage was prior to the lease, and the bill charges that it was bought up by Robinson, in collusion with Dobbs, who is his brother-in-law, for the purpose of evicting the complainant before the expiration of the term. The complainant alleges that he had tendered to Robinson the mortgage debt, with interest and costs of the ejectment, requesting an assignment of the mortgage; that Robinson refused to accept it and assign the mortgage, but offered to accept it upon being allowed to cancel the mortgage.

The ejectment was noticed for trial at the May Term. The trial was postponed, on application of complainant, to May 19th; but the Circuit Judge refused to postpone it

further, although complainant filed affidavits of the absence of a material witness, whose attendance could be procured at a future term.

Both defendants have answered upon oath. They deny all collusion, and admit the tender of the mortgage debt and costs, and allege that Robinson offered to accept it, but refused to assign the mortgage.

The injunction cannot be maintained because of the refusal of the court of law to postpone the trial; that is a matter in the discretion of the judge, with the exercise of which this court never interferes.

The answers assume, that the complainant has no right to redeem. The defendants are mistaken in this. A tenant for years has the right to redeem; he has the present estate in the land, and it is necessary that he should have that right to protect his interest, and this case is a good exemplification of the wisdom of that doctrine. It was so held by Lord Mansfield, in *Keech* v. *Hall, Doug.* 22, and has ever since been accepted as the settled rule in such case. *Coote on Mort.* 334 *and* 516; *Fisher on Mort.* 123.

The tenant, or other person, like a second mortgagee or judgment creditor, having a right to redeem, has not, perhaps, strictly the right to demand a written assignment of the bond and mortgage; but he stands by redemption in place of the mortgagee, and will be subrogated to his rights against the mortgagor and the reversioner. He has the right to have the bond and mortgage delivered to him uncanceled, which, in such case, is, in equity, and may be, at law, a complete assignment of them. The complainant is entitled to be protected in this right. If he has any other defence to this ejectment, he may make it at law. As there is a suit pending in this court, he cannot make the tender in the court of law authorized by the statute. *Nix. Dig.* (4th ed.) 608, § 1; *Den* v. *Kimble,* 4 *Halst. R.* 335; *Leake* v. *Chambers,* 1 *South.* 33.

The injunction must be dissolved, so far as it restrains the defendant, Robinson, from proceeding in the ejectment suit

to trial and judgment; but it must be retained, so far as to restrain the issuing of any writ of possession for thirty days after judgment. And if the complainant, within that time, tenders to the defendant, Robinson, or his solicitor, the amount of the mortgage debt, with the costs in the suit at law, upon condition of receiving the bond and mortgage uncanceled, then the injunction shall continue to restrain any execution in the ejectment suit.