J. ASPINWALL HODGE et al.

*v.*

UNITED STATES STEEL CORPORATION et al.

[Filed November 22d, 1902.]

On an application by a preferred stockholder in a corporation for a preliminary injunction restraining it from converting its preferred stock into bonds, where the right to the relief was based in part on the alleged impairment of applicant's equitable property rights in the corporation, the fact that he may have been actuated by improper motives in bringing the suit was immaterial.

On application to cross-examine complainant and affiants and to submit further affidavits.

*Mr. Richard V. Lindabury* and *Mr. Charles L. Corbin,* for the motion.

*Mr. Robert H. McCarter, contra.*

EMERY, V. C.

Upon an application for preliminary injunction in this case defendants have, in answer to complainant's bill and affidavits, filed an answer and affidavits, meeting complainant's case on the merits of the application. The answer also contains an allegation that the suit is instituted for the purpose of extorting money; that it is illusory and not *bona fide,* and is an imposi-

tion on the court. Affidavits are also filed by defendants which are claimed to afford sufficient basis for further inquiry, by virtue of the process of the court, into the *bona fides* of the suit. The defendants now apply for the cross-examination of the complainants, upon the question of their interest in the suit, and for leave to file further affidavits upon the question of the character and *bona fides* of the suit, and in support of the allegations of the answer that the suit is an imposition upon the court. The right to such order rests upon the claim that the bill is a bill filed by a stockholder of the company, in the place or stead of the company, against the company, its directors and others, for the purpose of asserting the company's rights, and that in a suit where complainants assert such representative character, proof satisfactory to the court that the suit is brought by complainants for the purpose of extorting money for their benefit and that of others maintaining the litigation, will justify a dismissal of the suit and striking the bill from the files as an imposition on the court, without any trial of the issues, and will disentitle complainant to a preliminary injunction.

In reference to the right of the court to dismiss without hearing, or to refuse protection by preliminary injunction because of the *mala fides* or bad motives of the complainant in prosecuting the suit, it has been declared in some cases to be the rule that where a suit is brought by a stockholder for the professed purpose of asserting and protecting the rights of the company, and the complainant's rights are purely representative, the suit must be, *bona fide,* a suit of the company, and that if it is in reality the suit of others than the complainant, and of persons not interested as stockholders, who, in fact, control the suit for adverse interests, then the suit may be dismissed as not the suit of the company and as an imposition on the court. The leading case is *Forrest* v. *Manchester, &c., Railway Co., 4 DeG., F. & J. 126 (Court of Appeals, 1861).* In this case the directors of a rival company directed and controlled the suit and indemnified the complainant against costs. The bill attacked a proceeding as *ultra vires,* and the complainant's standing was purely representative, and it was dismissed because the complainant was imposing on the court in assuming to represent the company's

rights.  As Lord Cairns said of the case in *Seaton* v. *Grant, 2 Ch. App. 459 (1867)*, the objection to the suit amounted to this: "That a suit professing to be the suit of Company A was really the suit of Company B."  In *Seaton* v. *Grant,* the complainant, who had lost money by speculating in shares of a company, afterwards bought stock and filed a bill as stockholder, attacking certain proceedings of the directors as fraudulent uses of the company's funds.  It was satisfactorily proved that he bought the shares for the purpose of bringing the suit and of being bought off and thus reimbursing himself for his losses.  On a motion to dismiss the bill, the *Forrest Case* was relied on, but the motion was denied, both in the court below and on appeal.  Lord Cairns said (at *p. 464*), in giving the opinion on appeal, that the main distinction between the case in hand and the *Forrest Case* was that in the latter case the complainant was a mere puppet in the hands of others who controlled the suit and indemnified him.  In the decision of these cases, based on the representative character of the complainant, the *bona fides* of the suit seems to depend primarily on the question whether the suit is in fact the suit of the complainant, or is in fact the suit of and controlled by others not interested as stockholders.  And the rule as to refusing protection by injunction, or declining to hear the cause of a complainant because of his improper motives in acquiring his rights, or the improper purposes of enforcing them by suit, has not been extended in England to cases where the complainant is asserting a right of property inherent in himself as stockholder or otherwise.  In *Mutter* v. *E. & M. Railway Co., 38 Ch. Div. 92 (Court of Appeals, 1888)*, it was held that the right to inspect the register of stock, which was given to stockholders by statute, and was a personal right of the stockholder, and would be protected by injunction, if necessary, and that this right to protection was not to be denied, because complainant took the stock at the instance of a rival company and for the purpose of supporting their interest.  The rule laid down in the *Forrest Case* was held (at *p. 104*) not to be applicable because that was a case where the complainant assumes to represent the common interest of all the stockholders, and was not an action brought by him in his own personal interest.  There

are no decisions in our courts relating to the control of the court over suits brought by a stockholder, assuming solely to represent the company, by reason of his improper motives in prosecuting the suit, but where the suit concerns or is based on the complainant's own property rights, either legal or equitable, it is settled in our courts that the bad motives of the litigant in insisting upon his equitable rights cannot be considered as a basis for refusing to recognize his rights. In *Davis v. Flagg, 8 Stew. Eq. 491 (1882)*, on a bill to foreclose a mortgage purchased by the complainant, the money secured by the mortgage was due, but it was found by Vice-Chancellor Van Fleet, on satisfactory proofs, that the complainant was not in good faith prosecuting the suit to recover his money, but had purchased the mortgage and was prosecuting the suit to oppress the defendant, and to aid a third person who had litigation with the defendant. The vice-chancellor held, on final hearing, that the process of the court of equity could not be used for inequitable ends, and directed that unless complainant, on tender of the amount due, assigned his mortgage to persons designated by defendant, his suit should be stayed. On appeal, it was said by Chief-Justice Beasley, delivering the opinion, that the legal pursuit of a man's right cannot be deemed either illegal or inequitable, and that to sanction the rule that a legal or equitable right is not enforceable in the court of chancery, if the motive leading to the acquisition of such right has been immoral or otherwise censurable, would be at variance with some of the most primary principles of our system of jurisprudence. In *Elkins v. Camden and Atlantic Railroad Co., 9 Stew. Eq. 467*, an interlocutory injunction restraining an illegal amendment of by-laws, made by directors for the purpose of continuing themselves in office, was granted to a stockholder. On appeal, the objection was taken that the stockholder was not a *bona fide* stockholder; that his stock had been purchased with the money of rival companies and was held in the interest of those companies, and the control of the business in the interest of those rival companies was contemplated. It was therefore insisted that he had no standing in equity for protection by preliminary injunction. But the court of appeals held (Mr. Justice Depue) that the right to hold the stock and vote

on it was a statutory property right and that complainant could not be deprived of this right, because he proposed to use his legal right for purposes thought by others to be inimical to the corporation.

These cases, I think, establish the rule that where the only method of protecting or asserting a property right of complainant is in a court of equity, the court cannot refuse to decide or hear a complainant upon the question of right, merely because of his improper motive in the acquisition or prosecution of his rights. That the motive of a complainant in prosecuting an equitable property right is to be bought off is not a reason for dismissing the case and refusing to try the question of right. Complainant is entitled to have the question of such alleged equitable right tried. If the complainant's rights are legal as well as equitable, the court of equity may perhaps, on the final hearing or on the application for preliminary injunction, consider the question of motive as bearing upon the right to equitable relief, or remitting complainant to his purely legal rights. But where his property rights are equitable only, it would seem to be clear that whatever his motives in prosecuting the suit may be, he is not only entitled to have his case heard on final hearing, but also to have the protection by preliminary injunction, if his right be sufficiently established and such protection is absolutely necessary for the protection, *pendente lite,* of the equitable right.

Applying these principles to the case in hand, the bill presents a twofold aspect—first, the assertion of the personal vested property right of the stockholder under the charter of the company, which property right is alleged to be impaired by the proposed conversion of preferred stock into bonds; and secondly, the assertion of the right to enjoin the proceedings for conversion, because, for various reasons stated, they are *ultra vires* of the company, and because the directors, in adopting them, have violated, or proposed to violate, their duties as directors, and to exceed their powers. In this latter aspect the bill is based on the company's rights and is representative.

In deciding the *Berger Case* I held that the proposed conversion did impair the property rights of a non-assenting stockholder by depriving him of his equal rights in the distribution

of assets on the reduction of capital. This right is equitable only, and an injunction was granted as the only means by which the right could be protected. Pending decision on the appeal in that case, and until it is decided that the proposed conversion does not impair the non-assenting stockholder's property right, the present complainant's (Hodge) case, so far as it is based on his alleged property rights, cannot be considered a false or unfounded claim, but, on the contrary, for the purpose of preliminary injunction, may fairly be urged to be an established claim. And so long as the complainant possesses this *status,* asserted by his bill, of an equitable property right vested in himself, which, if it exists, can only be protected by an injunction, an inquiry into the motives of prosecuting such rights seems to me to be immaterial for the purposes of the present application. If the *status* of the complainant in this respect should hereafter be changed, and the suit become a purely representative suit, based solely on the assertion by the complainant of the company's rights, a different situation may arise. The application will therefore be denied, but without prejudice to a renewal of the application, or to the making of such further or other application as defendants may be advised, upon such change in the complainant's *status.* It should be stated that the affidavit of complainant Hodge, which was sent to me after the submission of the case on this motion, was not read or considered on this motion. It was by consent marked filed after the announcement of my decision and before argument of the order to show cause.