ARMENIA G. ERDMANN

*v.*

A. PIERCE GREGG et al.

[Submitted June 23d, 1919. Determined June 25th, 1919.]

1. It is within the jurisdiction of this court to entertain a bill to rescind and cancel a contract procured through coercion, misrepresentation, or any other fraudulent means, and in such suit to enjoin proceedings at law for the enforcement of the contract, and also to award recovery of the money paid under and by reason of the fraudulent contract. Whether the jurisdiction should be exercised, however, depends upon the circumstances of each particular case.

2. Where a successful defence at law would afford but partial relief to complainant in this suit, that is alone a justification for the retention of the bill.

3. The averments in the bill and affidavit in this case *held* to allege sufficient to justify a restraint of a trial at law until final hearing in this court.

On bill for injunction and relief. Hearing on return of order to show cause.

*Mr. Lee F. Washington,* for the complainant.

*Messrs. Bourgeois & Coulomb,* for the defendants.

LEAMING, V. C.

The bill in this suit seeks the rescission and cancellation of a written contract signed by complainant for the purchase of certain improved real estate and the recovery from defendants of the part of the purchase price which complainant paid when the contract was signed, and also seeks an injunction preventing defendant suing at law on the contract for the recovery of the unpaid portion of the stipulated purchase price.

At the return of an order to show cause why an injunction *pendente lite* should not be issued pursuant to the prayer of the bill defendants appeared and declined to file counter affidavits, and rested their defence to preliminary restraint upon an objection that the averments of the bill and the affidavits accompanying it were insufficient to justify the relief sought.

This objection necessitates a consideration of the specific averments of the bill and its supporting affidavits, and of the jurisdiction of this court in cases of this nature.

The theory of the bill, briefly stated, is that defendants and one Carpenter, acting in collusion, in order to coerce complainant and induce her to buy at an excessive price a property owned by defendants, informed complainant that it would be necessary for her to vacate in six days the property she then occupied with her insane husband, and that no property was available for complainant except one owned by defendant which was worth $15,200; that complainant was wholly without business experience and was overwrought by the fear of being turned out of her home with an insane husband and with no place to go, and had no one but defendants and Carpenter to advise her, and accordingly relied upon the representations so made to her and signed a contract to purchase for $15,200 the property owned by defendants and paid them on account two $500 Liberty Bonds; that the property so purchased is assessed for purposes of taxation at $4,470 and is worth at most $9,000.

It is clearly within the jurisdiction of this court to entertain a bill to rescind and cancel a contract procured through coercion, misrepresentation, or any other fraudulent means, and in such suit to enjoin proceedings at law for the enforcement of the contract, and also to award recovery of the money paid under and by reason of the fraudulent contract. The ancient jurisdiction of the court of chancery of England in this class of cases, as defined in *2 Pom. Eq. Jur.* § *912*, obtains in this state. See to that effect *Eggers* v. *Anderson, 63 N. J. Eq. 264, 271.* Whether the jurisdiction should be exercised, however, depends upon the circumstances of the particular case. In this suit the circumstance that a successful defence at law to an action for the balance of the purchase price would afford but

partial relief to complainant herein is alone a justification for retention of the bill.

It accordingly remains to inquire whether the averments of the bill and supporting affidavits adequately establish a *prima facie* case of fraud.

The bill and the affidavit of complainant aver that the signature of complainant to the contract was procured through fraud on the part of the defendants; but general averments of fraud may be disregarded unless facts are disclosed which reasonably establish the fraud alleged. The great disparity between the contract price and the real value, standing alone, would aid complainant little even though it approaches proportions from which fraud is presumed, and representations as to value are ordinarily treated as mere matters of opinion. See *Wise* v. *Fuller, 29 N. J. Eq. 257.* But when the excessive purchase price and misrepresentations as to value are considered in connection with the additional facts already referred to, a situation is presented which in my judgment reasonably discloses fraudulent imposition. The contrast between two persons on equal footing negotiating the sale and purchase of a property, and that of a vendor making sale in the circumstances stated in the bill is obvious. Assuming the averments of the bill to be true it seems impossible to escape the conclusion that defendants not only brought about the emergent conditions which rendered it necessary for complainant to purchase a property in haste by reason of her distress, but also wrongfully took advantage of and misused for their own benefit the trust and confidence invited by them and reposed in them by complainant and thus precluded the exercise of a free or intelligent or deliberate or voluntary judgment on the part of complainant, and in that manner secured for themselves a purchase price so far in excess of real value as to be in itself almost if not quite presumptive of fraud.

I am convinced that this court should proceed to final hearing of the suit and restrain any trial at law in the *interim.*

But since at final hearing relief may be denied I see no reason why defendants should not, if so advised, institute a suit at law for the balance of the purchase price and in that manner procure

a favorable place upon the trial list of the law court to the end that the action at law may be promptly tried in the event that the bill should be dismissed at final hearing. The restraint will accordingly be limited to the trial of an action at law pending final hearing in this suit.