The sale of the mortgaged premises having produced considerably more than enough to satisfy the amount due the complainant (first mortgagee), the present issue is as to whether these surplus moneys should go to the second mortgagee or to the administrator of the insolvent estate of the deceased mortgagor.
The second mortgage was given by James W. Beard on November 30th, 1917. It was not recorded until January 16th, 1925, some two weeks after the death of the mortgagor. The administrator of the mortgagor's insolvent estate, contends on behalf of the creditors that they (the creditors) have a lien on the mortgaged premises, and that such lien is superior to the lien of the second mortgagee.
That the general creditors of an insolvent decedent have a lien on his real estate was determined in Haston v. Castner,31 N.J. Eq. 697; and it may well be assumed that such lien attaches at the date of death. But the adjudication goes no *Page 89 
further than that; it by no means decides nor even intimates that such creditors thereby become judgment creditors.
The lien or interest of the second mortgagee arose at the date of the giving of the mortgage, and hence is prior in time to the lien of the general creditors arising on the death of the mortgagor. At common law priority in time determined superiority of lien. This is still true, except to the extent that modifications have been made by statute. Voorhis v.Westervelt, 43 N.J. Eq. 642.
The only statutes which have been urged as operating to change the common law rights of second mortgagee are sections 22 of the act concerning mortgages (3 Comp. Stat. p. 3414) and section 54 of the act concerning conveyances (2 Comp. Stat. p. 1553). The provisions of these two sections are (so far at least as concerns the present inquiry) essentially identical. They operate to invalidate an unrecorded mortgage, but only in favor of three specified classes of persons, to wit: judgment creditors, bonafide purchasers, and mortgagees for valuable consideration (provided such persons had no actual notice of the unrecorded mortgage).
The general creditors of the insolvent decedent's estate do not come within either class. As has already been noted, they have a lien but they are not judgment creditors. They constitute a class entirely separate and distinct. The legislature might have seen fit to include them in the two sections mentioned, but it has not done so.
Nor can this court do so by implication — if indeed any implication in that behalf may be found. The statutes in question are in derogation of the common law and as such are to be construed strictly.
The second mortgagee is entitled to the surplus moneys, subject only to the rights of the defendant Martha Beard, the widow of the mortgagor, who did not join in the execution of the mortgage or in any otherwise bar her dower. Her dower right may be ascertained before a master, and decree entered accordingly. *Page 90