SOUTH JERSEY TITLE AND FINANCE COMPANY

*v.*

JULIAN N. IRELAND et al.

[Decided October 17th, 1927.]

The foreclosure by an assignee of a mortgage will not be restrained notwithstanding the fact that the purpose of the complainant in acquiring the mortgage and in foreclosing it was to avoid any claim of liability in its title guaranty of the lands covered thereby, since the assignee after acquiring the mortgage became vested with all rights and remedies residing in the original mortgagee.

On appeal from an order of the court of chancery advised by Vice-Chancellor Ingersoll.

*Messrs. Harcourt & Sleelman,* for the appellants.

*Messrs. Babcock & Champion,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, the South Jersey Title and Finance Company, is the holder for value, by a written assignment, of a bond and mortgage for $15,000, made and executed on the 6th of July, 1923, by Julian N. Ireland and Dora, his wife, to the Baltimore Life Insurance Company. The principal of the mortgage debt being due and unpaid, together with arrears of interest, the complainant filed a bill for the foreclosure of the mortgage, making Ireland and his wife, and also subsequent grantees of the mortgaged premises, as well as parties holding liens thereon, defendants, and caused subpœnas to answer to be issued and served upon them. Just before the expiration of the time for answering the bill of complaint had expired, certain of the defendants filed a petition, praying that the complainant be restrained from further proceeding with the forclosure suit until the validity of the title acquired by the Irelands should be determined in a litigation instituted in the court of chancery for that purpose, and now pending.

The ground upon which the petitioners base their alleged right to have the foreclosure suit indefinitely stayed is that, prior to the purchase of the land by the Irelands, they obtained a guaranty of the title thereto from the complainant; that, on the strength of that guaranty, they were able to obtain the loan from the Baltimore Life Insurance Company, which is secured by the mortgage now in process of foreclosure; and that the purpose of the complainant in acquiring the assignment of the mortgage, and in foreclosing it, was and is to avoid any claim of liability on its title guar-

anty in case it should hereafter appear that there was a defect in the title to the mortgaged premises.

The application for the stay came on to be heard upon the petition and answering affidavits, and, after due consideration, was denied by the court. From the order of denial the present appeal is taken.

Even if it be assumed that the purpose of the complainant in acquiring the mortgage now in suit was that attributed to it by the petitioners, that fact is no bar to the foreclosure of the mortgage. The validity of the instrument is not denied. The fact that it is due and unpaid is conceded. "The Baltimore Life Insurance Company, having a valid title to it, had a right to assign it to the complainant, and the latter had a right to acquire it by such assignment, no matter what motive may have prompted it in doing so; and, having done so, it became vested with all rights and remedies which resided in the original mortgagee." The theory of the petitioners, like that advanced in the case of *Davis* v. *Flagg, 35 N. J. Eq. 491,* where a similar application was made to the court of chancery, is that, because the motive of the complainant in acquiring its interest in the bond and mortgage was contrary to good morals, equity will not permit it to prosecute a suit for the foreclosure of the latter instrument. In the case cited the court considered the contention of the petitioner to be well founded, and granted the restraint prayed for. On appeal to this court, however, the restraining order was reversed. Chief-Justice Beasley, who delivered the opinion of the court, dealt with the theory of the petitioner as follows: "This view is founded on the fallacy that equity can base its action on a state of mind, irrespectively of the fact that the conduct induced by it is entirely lawful, and, in a legal sense, equitable. The legal pursuit of one's right, no matter what may be the motive of the promoter of the action, cannot be deemed either illegal or inequitable. In the present case, whatever the purpose of the party acquiring this mortgage may have been, he did no illegal act; the purchase was legal, and the prosecution founded on it was legal; and the consequence is that his suit cannot be stayed unless the rule

is to be sanctioned that an assignee of a mortgage has no right to foreclose it, provided it be shown that in obtaining such encumbrance he was actuated by illwill or other immoral feeling. The abstract precepts of the moral code, disconnected from property and the rights of persons, are neither enforced nor noticed by courts of law or by courts of equity." The chief-justice then adds that the court must either set aside the order then appealed from, or "sanction the rule that a legal and equitable right is not enforceable in a court of chancery, if the motive leading to the acquisition of such right has been immoral or otherwise censurable. The adoption of such rule would be, as it would seem, quite at variance with some of the most primary principles of our system of jurisprudence. *S. C. on appeal 494.*

The principle thus expressed was afterward adopted in the case of *McFadden* v. *Mays Landing Railroad Co., 49 N. J. Eq. 176;* in *Bull* v. *International Power Co., 84 N. J. Eq. 6,* and in *Cashin & Co.* v. *Alamac Hotel Co., Inc., 98 N. J. Eq. 432.*

The present case is controlled by the decisions which we have cited, and the application of the principle there laid down justified the action of the vice-chancellor in dismissing the defendants' petition.

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.