MILTON C. ESHLEMAN, S. A. SEALS and GEORGE E. JAMES, JR.,

*vs.*

ROBERT KEENAN, RUSSELL P. BREWER, JULIA A. BREWER, HARVEY W. MARVIN, HARVEY D. RITTER, SANITARY COMPANY OF AMERICA, a Delaware corporation, and WILLIAM S. POTTER, Receiver of CONSOLIDATED MANAGEMENT ASSOCIATION, a Delaware corporation.

*New Castle, Oct.* 30, 1935.

*William Prickett,* for complainants.

*Ivan Culbertson,* for defendants.

THE CHANCELLOR: The bill is one in which the complainants assert a derivative right to maintain a complaint in behalf of their corporation. What they seek to recover is not something personal to themselves, but something that belongs to the corporation and only indirectly inures to their benefit.

The proposed addition to the answer raises a question of whether it is material to the right of the complainants to the relief, to show that they are actuated by the motives indicated in the proposed amendment. In the case of *Forrest v. Manchester, Sheffield and Lincolnshire Ry. Co.,* 4 *deG., F. & J.* 126, 45 *Eng. Reprint* 1131, decided in 1861, it was held that where a complainant filed a bill on behalf of himself and all other shareholders in a railway company and sought to restrain the company from committing *ultra vires* acts, which it was in the interest of a rival company to restrain, the complainant would not be permitted to maintain his bill when it appeared that the complainant had instituted the suit at the direction of the rival company which agreed to indemnify him against costs. The Lord Chancellor observed that:

"* * * the plaintiff is the puppet of that (rival) company. * * * If this gentleman be permitted to come and assume merely for the purpose of coming into this Court the garb of a shareholder, but at the same time explicitly announces 'This suit is not directed to the purposes of that company; I have nothing in common with the shareholders of that company; it has not emanated from the wish of the shareholders; it does not emanate from me as a shareholder;

it is not my act; I am directed to do it by another party, and another body of men,' then in point of fact the suit is not the expression of his own will, nor is it the legitimate prosecution of his own interests or his own objects, but is the prosecution of the interests and objects of persons who have no right whatever to invoke the interference of this Court."

Whether Osmond is a stockholder of Sanitary Company of America is not disclosed by the proposed amendment or any where else in the pleadings. If he is not a stockholder, the case would be somewhat parallel to the English case just referred to, for it would appear, assuming the averments of the proposed amendment to be true, that the complainants were actuated by a purpose not to serve the corporation which their bill purports to be filed in the interest of, but to serve the interests of an outsider who was using the complainants as his tools to extort gain from the defendants in the suit.

If Osmond is a stockholder of Sanitary Company of America, then the principle of the case just cited has no application. Where a stockholder files a representative action in which he seeks to recover for his corporation claims alleged to be due it from its directors, the fact that his purpose in filing the suit was that he might be bought off at a high price and thereby be enabled to recoup certain speculative losses he had suffered, it was held the entertaining of such a purpose did not disqualify him to maintain the suit which was otherwise sustainable. *Seaton v. Grant, 2 Ch.* 457 [(*459) 1867]. In that case Sir G. J. Turner, L. J., said:

"The Plaintiff's case is, that he has sustained great loss by speculating in the shares of the company, and that he afterwards purchased a small number of its shares, and then filed this bill to impeach certain transactions by the manager of the company. Now, although I by no means approve of such conduct, yet I cannot venture to say that for this reason the Court ought to interfere upon the motion to deprive a Plaintiff of his rights, if, upon the hearing, he should appear to be entitled to anything."

The case of *Forrest v. Manchester, etc., Ry. Co., supra,* was distinguished on the ground that in that case the complainant was a confessed puppet in the hands of another company which had no interest as a shareholder in the recovery sought to be secured.

In the case of *Hodge, et al., v. United States Steel Corp., et al.,* 64 *N. J. Eq.* 111, 53 *A.* 553, 554, Vice Chancellor Emery, after referring to the English cases (hereinabove cited), said:

"In the decision of these cases based on the representative character of the complainant, the *bona fides* of the suit seems to depend primarily on the question whether the suit is in fact the suit of the complainant, or is in fact the suit of, and controlled by, others, not interested as stockholders."

The question of the *bona fides* of a complainant who sues in a representative character to maintain a bill against a corporation for reimbursing corporate injury, arose in the case of *Johnson v. King-Richardson Co.,* (*C. C. A.*) 36 *F.* (2d) 675, 67 *A. L. R.* 1465. In that case it appeared that the complainant brought his suit to recover what he claimed were illegal payments to the president and dominant stockholder of the defendant corporation on account of salaries and exhorbitant charges for services rendered. His motive was to drive the corporation out of business. The Circuit Court of Appeals through Bingham, Circuit Judge, held that if the complainant was entitled to relief in respect to the matter concerning which he sued, his motives in bringing the suit were immaterial, and that the legal pursuit of his rights, no matter what his motive in bringing the action, could not be deemed illegal or inequitable, and he was entitled to insist upon his strict rights and demand their enforcement.

Under the last cited authorities, if Osmond is a stockholder and were himself a complainant in the case, the motives which the proposed amendment alleges inspired him, could not have the effect of disqualifying him to maintain the suit. That being so, the complainants if they were

instigated by him are in no worse position. If he is not a stockholder, the result might be otherwise. It is incumbent upon the defendants by averment in their answer to show every essential fact upon which the alleged disqualification of the complainants to sue rests. In the absence of an averment that Osmond is not a stockholder, I am not justified in assuming that he is not.

It does not appear in any way that the question of motives of the complainants as collaborators with Osmond can in any way affect the amount of the recovery, if any should be decreed.

Assuming Osmond to be a stockholder, an assumption which the proposed amendment does not negative, there can be no champerty in the institution of the suit, for champerty cannot be charged against one having an interest in the matter in controversy. *Bayard v. McLane, 3 Har.* 139, 208.

Inasmuch then as the averments set forth in the proposed amendment appear to be immaterial, I conclude the amendment should not be allowed.