The bill seeks the foreclosure of two concurrent second mortgages in the sum of $32,460 each, which the complainants hold upon the premises No. 223 Ocean avenue, Jersey City, New Jersey. It is alleged that on January 3d 1934, the owner of the premises, the defendant Cameo Theatres, Incorporated, executed the mortgages to secure those sums, payable January 23d 1939, with interest at six per cent. payable quarter annually; the interest that became due has not been paid. The premises are occupied by the defendants Charles L. Robinson and Jersey City Operating Company, Incorporated, as tenants.
The defendant Cameo Theatres, Incorporated, filed no answer. The defendants Robinson and Jersey City Operating Company, Incorporated, filed an answer alleging that there is neither principal nor interest due upon the bonds and mortgages, and that there was no consideration given to the said Cameo Theatres, Incorporated, for the bonds and mortgages; that the said bonds and mortgages were entered into and executed without legal authority; that the complainants do not have any lien upon the premises by reason of the said bonds and mortgages and that the said bonds and mortgages were false and fraudulent and ultravires, and that the tenancy of the defendant Jersey City Operating Company, Incorporated, was created, and the said defendant went into possession, prior to the recording of the said mortgages.
One of the rules of pleading which the answering defendants seem to have overlooked is, that, while they allege the bonds and mortgages were "false and fraudulent," they fail to state with particularity in what respect they are "false and fraudulent andultra vires" Erdmann v. Gregg, 90 N.J. Eq. 363; Davis v.Davis, 55 N.J. Eq. 37 (at p. 39); Schuler v. Southern Ironand Steel Co., 77 N.J. Eq. 60; *Page 177 Connor v. Dundee Chemical Works, 50 N.J. Law 257; Bloomer v.Fowler, 97 Atl. Rep. 950; 85 N.J. Eq. 600.
I fail to discover the slightest evidence of fraud or anyultra vires act on the part of the Cameo Theatres, Incorporated, in the transaction incident to the execution of the bonds and mortgages. The minutes of the board of directors of the Cameo Theatres, Incorporated, show that the company was indebted to its officers and directors, namely, Benjamin Gorlin and Benjamin Berkowitz, in the amounts hereinabove stated; that those two directors requested that the mortgages be made to Anna Gorlin, wife of one of them, Benjamin Gorlin, and to Minnie Berkowitz, a sister of the other, Benjamin Berkowitz. The evidence of the witness Rubin, who drew the mortgages, and Roe, the notary who took the acknowledgment, shows that the instruments were drawn and executed on the day of their date. McDonald, vice-president of the Trust Company of New Jersey, testified that sometime in April, 1935, he received a copy of a written lease between the Cameo Theatres, Incorporated, and the No. 223 Ocean Avenue Corporation, in which reference was made to both of the mortgages. Furthermore, the auditor, or accountant, who testified, said that both of the mortgages were mentioned in the income tax reports filed for the Cameo Theatres, Incorporated, for the years 1934 and the years following. These facts stand uncontradicted.
Evidence of consideration for the mortgages is ample. It was cash advanced by the directors, Gorlin and Berkowitz, and for salaries earned by them as officers and servants of the corporation.
The mortgages were recorded in the office of the register of the county of Hudson on January 28th, 1937.
The defendants allege the existence of a three-year oral lease made on June 10th, 1936, between the corporation and the defendant Charles L. Robinson. On June 16th, 1936, Robinson had filed in the office of the clerk of Hudson county, articles of incorporation of the Jersey City Operating Company, Incorporated; and on June 18th, 1936, they were also *Page 178 
filed in the office of the secretary of the state. On June 19th, 1936, Robinson assigned, in writing, to the newly formed company, Jersey City Operating Company, Incorporated, the alleged oral lease. I believe the evidence as to the existence of an oral lease is far from convincing. I am satisfied that Robinson, who had been manager of No. 223 Ocean Avenue Corporation, from January, 1936, to the date of the alleged oral lease, was given possession of the premises as a tenant from week to week. He became such tenant after the dispossession of the No. 223 Ocean Avenue Corporation which defaulted in payments of rent, approximating $4,000. It does not sound plausible that the officers of the theatre corporation, knowing of Robinson's unsuccessful venture as manager of the No. 223 Ocean Avenue Corporation, would give him a three-year lease without reducing the same to writing and obtaining some assurance that the rent of the premises would be met when due. Again, it is to be noted that while Robinson took pains to assign the alleged oral lease by aninstrument in writing, he, at the same time, did not take precautions to obtain a written three-year lease. It is my opinion that no three-year oral lease had ever been entered into with Robinson.
Attention is called to section 22 of "An act concerning mortgages" (3 Comp. Stat. p. 1414), and to sections 21 and 54 of the Conveyance act. Section 21 of the Conveyance act, in effect, says that a lease for more than two years is a recordable instrument and in order for such lease to prevail against subsequent recorded mortgagees, grantees or judgment creditors, it must be of record before them. Section 54 of the same act specifically states the effect of the failure to record prior instruments. The Mortgage act, and the Conveyance act, as between two recordable instruments, give the subsequent encumbrancer, recording his instrument first, the prior right. Assuming, in the instant case, that the oral lease was given; it was not a recordable instrument. That being so, the rule at common law that "prior in time, prior in right" then becomes effective. Consequently, since the mortgages were *Page 179 
made on January 3d 1934, and the alleged oral lease was made on June 10th, 1936, the mortgages are prior in time and prior in right. Goodwin v. Beard, 101 N.J. Eq. 88.
As above indicated, the defense of ultra vires, set up by the answering defendants, has not been established. It does not seem necessary to state that such defense belongs to the corporate defendant. 3 Fletcher Cyclopedia Corps. 2589 § 1527; DeCamp v.Dobbins, 31 N.J. Eq. 671; Camden Safe Deposit and Trust Co. v.Citizens Ice and Cold Storage Co., 69 N.J. Eq. 718; affirmed,71 N.J. Eq. 221.
The defense attacks the motives of the Cameo Theatres, Incorporated, in executing the mortgages. Since that question is raised by the defense, it is pertinent to state that motive has no place in the enforcement of such legal rights as a suitor may have. Davis v. Flagg, 35 N.J. Eq. 491. This last cited case is an opinion written by Chief-Justice Beasley for the court of errors and appeals in reversing an order made by Vice-Chancellor Van Fleet, and deals, in part, with "motives." The principle therein enunciated has been uniformly followed in this state, as reference to the following cases indicates: McFadden v. MaysLanding, c., Railroad Co., 49 N.J. Eq. 176; South Jersey Titleand Finance Co. v. Ireland, 101 N.J. Eq. 818; W.D. Cashin Co. v. Alamac Hotel Co., Inc., 98 N.J. Eq. 432; Holly v.Kellogg, 85 N.J. Eq. 301, 597; Roberts v. Tompkins, 75 N.J. Eq. 576; Hodge v. United States Steel Corp., 64 N.J. Eq. 111;Borough of Vineland v. Maretti, 93 N.J. Eq. 513; Kotler v.John Hancock Mutual Life Insurance Co., 113 N.J. Eq. 544;Johnson v. King-Richardson Co., 36 Fed. Rep. 2d 675; 67A.L.R. (1930) 1465.
I am satisfied that on both the law and the facts, the complainants are entitled to a decree herein. *Page 180