REUBEN K. MILLSTEIN,

*vs.*

ARCADE CAFETERIA, INC., a corporation of the State of Delaware, HARVEY L. COBB, KATHERINE COBB, MILTON HOLLANDER and BLANCHE HOLLANDER.

*New Castle, August 8, 1938.*

*John J. Morris, Jr.,* of the firm of Hering, Morris & James, and *Harold B. Howard,* for complainant.

*Thomas M. Keith,* and *Coble, Crouch & Newrath,* of Washington, D. C., for defendants.

THE CHANCELLOR: At places in paragraphs 1, 6 and 12 of the answer averments are made to the effect that the complainant is motivated to bring this suit by a purpose to compel the individual defendants to pay him money.

In *Eshleman v. Keenan,* 21 *Del. Ch.* 116, 181 *A.* 655, this court held that the motive which inspired a stockholder to file a suit in his derivative right to require officers of the coropration to account for wrongs they committed against it, was immaterial as a defense to the suit. The principle of that case controls this one. See, also, *Gans v. Delaware Terminal Corp., ante p.* 69, 2 *A.* 2d 154, decided the other day by this court.

Whether the facts averred in the answer would be the proper subjects upon which to cross examine the complainant in case he testifies as a witness in the cause, on the theory that they affect his credibility, there is now no occasion to say. All that is now necessary to be said is, that if the complainant can show a good· case, he is not disqualified from doing so because of any supposed ugly motive which may inspire him to assert it. An answer avers matters pertinent to the defense. As the matters excepted to, if true, do not contribute to a defense, the exceptions thereto should be sustained.

Order accordingly.