The object of this action is to foreclose a mortgage executed by the defendants Albert E. Sindlinger and Thelma M. Sindlinger, his wife, to secure the payment of their accompanying bond. A second mortgagee and some twelve judgment creditors are joined as defendants.
An answer has been filed on behalf of the defendant Thelma M. Sindlinger in which she avers that she has previously offered instantly to pay to the plaintiff the "sum due with interest to date, and costs of this action, in exchange for an *Page 583 
assignment of said mortgage sought to be foreclosed," which offer the plaintiff has rejected.
The following quotations exhibit the insufficiency in law of that averment of the answer. Justice Van Syckel, speaking for the Court of Errors and Appeals in Bigelow v. Cassidy,26 N.J. Eq. 557, held: "As a general rule, all persons who have acquired an interest in the lands mortgaged, when the mortgage is liable to be foreclosed, have a right to disengage the property from all incumbrances, when it becomes necessary to do so in order to make their own claims available or beneficial. * * * This does not carry the right to demand of the mortgagee an assignment of his security."
In Ratner v. Gordon, 118 Atl. 338 (not otherwise reported), Vice-Chancellor Foster stated: "If petitioner's contention that, by reason of her inchoate right of dower, she has an interest in the mortgaged premises that entitles her to redeem, be adopted, her application must still be denied because it appears, from the recitals of her petition and from her prayer for relief, that she has coupled her tender and offer of redemption with a demand for the assignment to her of the mortgaged security. This demand she is not entitled to make; for, assuming she has the right to redeem, which I seriously doubt, her tender of payment must be unqualified. Admittedly such unqualified tender has not been made, and the aid of this court to effectuate the redemption petitioner desires is sought solely to compel complainant to assign his securities to her."
Additional authorities may be found cited in 93 A.L.R. 89, 111.
The answer then proceeds to declare that the plaintiff has declined to execute the assignment "in order that the arrangement to divest the defendant of her interest in the property may be carried out." "This plaintiff is not equitable in its conduct and should be denied equitable relief." The mere circumstance that the officers and directors of the bank are actuated in the prosecution of this suit by an improper motive, if established, would not defeat what otherwise appears to be the enforcement of a lawful right. Davis v. Flagg, 35 N.J. Eq. 491; Hodge v.United States Steel Corp., 64 N. *Page 584 J. Eq. 111, 53 Atl. 553; Bull v. International Power Co.,84 N.J. Eq. 6, 92 Atl. 796, affirmed 85 N.J. Eq. 206,96 Atl. 364; Holly v. Kellogg, 85 N.J. Eq. 301, affirmedIbid. 597, 98 Atl. 640; Vineland v. Maretti, 93 N.J. Eq. 513,117 Atl. 483; Weiner v. Cullens, 97 N.J. Eq. 523,128 Atl. 176; South Jersey Title, c., Co. v. Ireland,101 N.J. Eq. 818, 138 Atl. 898; Glorsky v. Wexler, 142 N.J. Eq. 55,59 Atl. (2d) 233.
The remaining averments of the answer (a) that the value of the mortgaged premises is greatly in excess of the first mortgage lien and (b) that only a portion of the mortgaged premises should be exposed to sale, are unsubstantial as defenses.
I observe that Messrs. Herr and Fisher are the attorneys of record of the plaintiff and that Mr. Fisher of that firm acknowledged service of process in this cause for many of the defendant lienors. The practice of an attorney to represent both plaintiff and defendants in an action is not approved. Vide,Morris v. Glaser, 106 N.J. Eq. 570, 151 Atl. 760; Ertag v.Cavallo Construction Co., 104 N.J. Eq. 331, 145 Atl. 627.
The motion to strike the answer is granted.