31 N.J. Super. 378 (1954)
106 A.2d 559
MARINE VIEW SAVINGS & LOAN ASSOCIATION, A BODY CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
ALBERT ANDRULONIS AND MILDRED ANDRULONIS, HIS WIFE; HOWARD LIONEL TOFT; ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 21, 1954.
*379 Messrs. Roberts, Pillsbury & Carton, attorneys for plaintiff.
Mr. Sidney Alpern, attorney for defendant Walling.
GOLDMANN, J.S.C.
In bringing this action to foreclose its first mortgage, plaintiff joined as defendants the obligors Andrulonis, Toft who originally held a second mortgage which was later assigned to one Wirtz, Walling to whom Wirtz and his wife conveyed their interest in the premises under the sheriff's deed given them in the foreclosure of the second mortgage, Mrs. Walling (it now appears that Walling is not married), and certain judgment debtors. One of the judgment debtors answered setting up its lien, and Walling filed an answer and counterclaim.
The counterclaim alleges that Andrulonis and his wife conveyed the premises in question to Walling on February 20, 1953, that he had offered to pay plaintiff the balance on its bond and mortgage but plaintiff refused to accept the offer, and that he herewith tenders plaintiff the amount adjudged to be due upon the bond and mortgage "for an assignment or satisfaction thereof." Walling demands judgment directing the plaintiff to deliver the bond and mortgage to him, "duly endorsed for cancellation, or in the alternative, *380 an assignment thereof, upon tender of such amount as the court may find to be due thereon." Plaintiff moved to strike the answer and counterclaim.
At the argument on the motion to strike, counsel for Walling presented a certified check and represented to the court that he desired to redeem. Judge Schettino then directed counsel for plaintiff and Walling to adjust the matter and report their adjustment to the court. Counsel for plaintiff represents that the only question on the adjustment is whether Walling is entitled to an assignment of the security. However, Walling's counsel states the question to be the right of Walling, upon paying plaintiff the amount due on its mortgage, interest and statutory fees by way of redemption, to have the bond and mortgage delivered uncancelled and to be subrogated to plaintiff's rights in this foreclosure action.
The court in Bigelow v. Cassedy, 26 N.J. Eq. 557, 558 (E. & A. 1875), held that:
"As a general rule, all persons who have acquired an interest in the lands mortgaged, where the mortgage is liable to be foreclosed, have a right to disengage the property from all encumbrances, when it becomes necessary to do so in order to make their own claims available or beneficial. This does not carry the right to demand of the mortgagee an assignment of his security, * * *."
Flemington National Bank & Trust Co. v. Snidlinger, 1 N.J. Super. 581 (Ch. Div. 1948); Ratner v. Gordon, 118 A. 338 (Ch. 1922); Heighe v. Evans, 164 Md. 259, 164 A. 671, 93 A.L.R. 81 (Ct. App. 1933); Annotation 93 A.L.R. 89. Walling would not be entitled to an assignment of the security upon redemption. Were he to insist upon such an assignment, then his offer to redeem would not be unqualified and he would not be entitled to redeem.
However, all that Walling now asks as owner of the mortgaged lands is the right to redeem and to have the original bond and mortgage delivered to him uncancelled so that he might be subrogated to the rights of plaintiff mortgagee in the present foreclosure action. Where rights of *381 subrogation exist on the redemption, the bond and mortgage must be delivered uncancelled to the person redeeming. Howard Sav. Inst. v. Essex B. & L. Ass'n., 46 A. 223 (Ch. 1899); Hamilton v. Dobbs, 19 N.J. Eq. 227, 228 (Ch. 1868).
This action has not yet proceeded to final judgment and sale. The application to redeem and to procure the delivery of the mortgage uncancelled would properly be by petition in the cause and notice to defendants who might be affected, as well as to plaintiff. Howard Sav. Inst. v. Essex B. & L. Ass'n., supra. The parties have apparently agreed to settle their differences by redemption. Plaintiff is merely seeking direction as to whether it need assign the bond and mortgage upon Walling's redemption, and does not object to the informality of the procedure. If it deems a petition necessary, Walling will be permitted to amend his answer and counterclaim, file such a petition and give proper notice to the parties affected. Otherwise, the redemption should go forward without delay and the suit terminated by the filing of an order of dismissal.